UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVETTE SADIGH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION, ALLIED INTERSTATE, LLC, and IQOR US, INC.,<br><br>　　　　　　　　Defendants. | Civil Action No. 21-_____ |

## JOINT NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Allied Interstate, LLC ("Allied"), iQor US, Inc. ("iQor") and Educational Credit Management Corporation ("ECMC", and collectively the "Defendants") hereby give notice of removal of the above captioned matter from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and additionally pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441 and 1446, where there exists diversity jurisdiction and a question of federal law is at issue. Defendants respectfully states the following grounds for removing this action:

## STATEMENT OF JURISDICTION UNDER CAFA

1. Defendants seek removal of this class action under, among other grounds, the Class Action Fairness Act ("CAFA") codified at 28 U.S.C. § 1332(d), which provides this Court with original jurisdiction of this matter and permits Defendants to remove this matter to Federal Court. CAFA vests the district courts with original jurisdiction when the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interests or costs) and when any member of the putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

2. A class action against a non-government entity may be removed under CAFA if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interest and costs. 28 USC § 1332(d), (d)(5) & 1453(b). As demonstrated below, this action meets all of CAFA's removal requirements.

## PROCEDURAL BACKGROUND

3. Plaintiff Yvette Sadigh ("Plaintiff") filed this purported class action on December 16, 2021, in the Supreme Court of the State of New York, County of Kings, under Index No. 532236/2021 (the "State Court Action"). The initial pleadings consist of a Summons but not a Complaint (the "Summons"). Copies of all documents filed in the State Court Action and the docket are attached as **Exhibit A.**

4. Plaintiff alleges that Defendants violated New York General Business Law § 349 ("NYGBL") and the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA"). Summons at ¶ 4.

5.       The putative nationwide class (the "Class") is not defined in the Summons, however Plaintiff claims that Defendants violated the NYGBL and FDCPA "arising out of debt collection practices and erroneous balance calculation of student loans allegedly owed by plaintiff and the class. Defendants' alleged misconduct includes, (1) charging interest beyond the limitations set by the Federal Family Education Loan Program ("FFELP"); (2) charging more collection costs than the limitations set by FFELP; and (3) by enforcing supposed New York judgments, with capitalized interest and fees, that were allegedly first obtained over 25 years ago, which are not docketed, or for which an index number or transcript for identification and reference is unable to be produced by defendants." *Id.* at ¶ 4.

6.       Plaintiff seeks an Order (1) declaring that the alleged judgments are unenforceable; (2) enjoining Defendants from continuing the practices complained of; (3) directing Defendants to adjust the class member's loan balance amounts; and (4) for monetary damages and/or statutory damages of no less than $5,000,000.00 together with attorney's fees, interest, costs and disbursements of this action. *Id.* at ¶ 5.

## TIMELINESS OF REMOVAL

7.       This Notice of Removal is being filed within 30 days of the December 20, 2021, service of the Summons on the last served defendant, EMC, and is thus timely removed. (*See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed … within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in the court and is not required to be served on the defendant…[.]")).

## VENUE

8. Venue is proper in the United States District Court, Eastern District of New York, as the Supreme Court in which the action is pending is within its jurisdictional confines. *See* 28 U.S.C. § 1146(a) and the Local Rules for the Eastern District of New York.

## JURISDICTION UNDER CAFA

9. Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

10. Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. §1332(d)(2) applies only to a class action in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. 28 U.S.C. § 1332(d)(5).

11. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. §1332(d), and this action may be removed by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), because the putative plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and HCA.

12. CAFA defines a "class action" for the purposes of jurisdiction as any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

13. Plaintiff filed this action in the Supreme Court of New York on behalf of herself and the putative Class. Summons at ¶ 3.

14. Plaintiff alleges that the proposed Class is comprised of alleged victims of Defendants' purported "debt collection practices and erroneous balance calculation of student loans" resulting in damages of "no less than $5,000,000.00". *Id.* at ¶¶ 4-5. Although Plaintiff does not identify a number of putative class members, it is reasonable to conclude that based upon the alleged damages of no less than $5,000,000.00, the proposed Class exceeds 100 members. Therefore, CAFA's minimum putative class size of 100 members is satisfied.

15. Additionally, there is diversity of citizenship between Defendants and at least one proposed class member.

16. In order to satisfy the diversity requirement, CAFA only requires that "any member of the proposed plaintiff class is a citizen of a state different from any defendant." 28 USC §1332(d)(2)(A).

17. Defendant iQor is a Florida corporation, with its principal place of business in St. Petersburg, Florida.

18. Defendant Allied is a Minnesota corporation, with its principal place of business in Minneapolis, Minnesota.

19. Defendant ECMC is a Minnesota corporation, with its principal place of business in Minneapolis, Minnesota.

20. Plaintiff is a citizen of Kings County, New York. *Id.* at ¶ 6. Plaintiff further alleges damages to the purported Class in connection with certain judgments entered in the State of New York. *Id.* at ¶ 4.

21. Because Defendants are citizens of Minnesota and Florida, and the purported class members include plaintiffs that have had judgments entered against them in the State of New York, CAFA's diversity of citizenship requirement is satisfied.

22. Removal based on CAFA is also proper because the amount in controversy exceeds $5,000,000.00. To satisfy CAFA's amount-in-controversy requirement, a removing defendant "must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." Smith v. Manhattan Club Timeshare Ass'n, Inc., 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013).

23. Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Staff of S. Comm. on the Judiciary, 109th Cong., Rep. on The Class Action Fairness Act of 2005, 42 (Comm. Print 2005).

24. "In determining the amount in controversy, courts first look to the complaint." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

25. Assuming the allegations in the Summons are true (which Defendants deny), the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000 as required by CAFA. *Id.* at ¶ 5.

**REMOVAL BASED ON FEDERAL QUESTION AND DIVERSITY**

26. Removal is also proper for the separate reasons that Plaintiff's claims arise pursuant to federal law, *i.e.*, the FDCPA. *See* Summons at ¶ 4. Thus, this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1331, and therefore this removal is made pursuant to 28 U.S.C. § 1441(a).

27. The State Court Action is removable to the United States District Court for the Eastern District of New York because the Summons presents a federal question. Specifically, 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Plaintiff's claim provides the basis for this Court's jurisdiction as Plaintiff has brought suit under the laws of the United States. Accordingly, Defendants are entitled to remove this action in accordance with 28 U.S.C. § 1441(a).

28. In addition, removal to this Court pursuant to 28 U.S.C. § 1332(a) is proper because, as noted above, Plaintiff resides in Kings County, New York, while Defendant iQor is a Florida corporation, with its principal place of business in St. Petersburg, Florida, and Defendants Allied and ECMC are both Minnesota corporations, each with their principal places of business in Minneapolis, Minnesota. Accordingly, there is complete diversity of citizenship between Plaintiff, on one hand, and all Defendants, on the other.

29. All Defendants consent to, and join in, this removal in accordance with 28 U.S.C. § 1446(b)(2)(A) which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

30. A copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Kings and written notice is being provided to the plaintiff pursuant to 28 U.S.C. § 1446(d).

31. In filing this Notice of Removal, the Removing Defendants reserve all of their defenses and do not waive any recourse that may be available to them.

**WHEREFORE**, defendants Allied Interstate, LLC, iQor US, Inc., and Educational Credit Management Corporation respectfully request that removal of this action to the United States District Court for the Eastern District of New York be hereby effected and that this Court take jurisdiction of this action.

Dated:  January 19, 2022       Respectfully submitted,

HOLLAND & KNIGHT LLP

By:*/s/ Jonathan Marmo*
Jonathan Marmo
Holland & Knight LLP
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Tel.: (212) 252-9568
Fax: (215) 867-6070
Jonathan.marmo@hklaw.com

*Counsel for Defendants*
*Allied Interstate, LLC and iQor US, Inc.*


 */s/ Kenneth L. Baum*
Kenneth L. Baum, Esq.
LAW OFFICES OF KENNETH L. BAUM LLC
167 Main Street
Hackensack, New Jersey 07601
Phone: (201) 853-3030
Fax: (201) 584-0297
kbaum@kenbaumdebtsolutions.com

*Counsel for Defendant*
*Educational Credit Management Corporation*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on January 19, 2022, we electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

*/s/ Jonathan Marmo*
Jonathan M. Marmo