UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YVETTE SADIGH, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

EDUCATIONAL CREDIT MANAGEMENT CORPORATION, ALLIED INTERSTATE, LLC, and IQOR HOLDINGS, INC.,

    Defendants.

**MEMORANDUM & ORDER**
22-CV-00298 (HG) (JRC)

**HECTOR GONZALEZ**, United States District Judge:

Defendants have filed pre-motion letters requesting permission to file motions to dismiss Plaintiff's current complaint. *See* ECF Nos. 10, 13, 15. In response, Plaintiff requested leave to file an amended complaint, coupled with a proposed amended complaint. *See* ECF No. 18. Defendants Allied Interstate, LLC ("Allied") and iQor Holdings, Inc. ("iQor"),[1] have filed an opposition to Plaintiff's request for leave to amend, which asserts that only three sentences included in Plaintiff's amended complaint are improper, principally because those sentences supposedly disclose settlement discussions. *See* ECF No. 19. As described in more detail below, the Court grants Plaintiff's request for leave to file an amended complaint, as currently proposed, including the sentences to which Allied and iQor object. The Court shall further permit Defendants to file motions to dismiss the amended complaint according to the briefing schedule described at the end of this decision.

---

[1]     Plaintiff's complaint identifies iQor as iQor Holdings, Inc., but iQor's pre-motion letter uses the name iQor US, LLC. *See* ECF No. 10 at 1; ECF No. 15 at 1.

## PROCEDURAL HISTORY

Plaintiff has brought a putative class action asserting claims under the Fair Debt Collection Practices Act and Section 349 of New York's General Business Law, along with common law claims for unjust enrichment and conversion. *See* ECF No. 10 ¶ 1. Plaintiff's claims generally arise from Defendants' alleged attempts to collect on her supposedly defaulted student loans. *See id.* ¶¶ 15–28. Plaintiff asserts that her supposed default is memorialized by an unintelligible and unenforceable judgment that reflects an improper rate of interest and allegedly inflated collection costs that violate federal law. *See id.* Defendant Educational Credit Management Corporation ("ECMC") is a guaranty agency that guarantees certain types of student loans and, according to ECMC, "owes a due diligence obligation to the [U.S. Department of Education] to collect unpaid student loans." ECF No. 13 at 1; ECF No. 10 ¶ 2. Plaintiff alleges that Defendant Allied is a subsidiary of Defendant iQor and that they both "regularly act as debt collectors for ECMC." ECF No. 10 ¶ 2. Plaintiff alleges that both Allied and iQor "regularly communicated by telephone and email with Plaintiff" as part of their attempts to collect her allegedly unpaid student loans. *Id.* ¶¶ 10–11.

Defendants filed pre-motion letters seeking permission to file motions to dismiss Plaintiff's complaint. *See* ECF Nos. 13, 15. The letter submitted by Allied and iQor asserted that Plaintiff's complaint "fails to distinguish the alleged acts and/or omissions of the three defendants from one another or with which of the defendants she communicated." ECF No. 15 at 1. They argued that Plaintiff "does not even allege that either [Allied or iQor] is actively pursuing collection of the Judgment." *Id.* at 2. In particular, iQor asserted that it "is a holding company with no employees and takes no actions as a debt collector." *Id.* at 1.

Plaintiff responded by filing a letter arguing that the bases for Defendants' proposed motions to dismiss were meritless but nevertheless requested permission to file an amended complaint. ECF No. 17 at 1–2. Plaintiff later filed a proposed amended complaint. ECF No. 18. The proposed amended complaint addressed Allied's and iQor's arguments that they were not involved in collecting Plaintiff's supposedly unpaid student loans by adding multiple allegations about specific interactions that Plaintiff had with iQor and Allied. In particular, Plaintiff alleged that she received communications related to her student loans that were "purportedly from Allied" but sent by email addresses that were on their face affiliated with iQor, such as "documents@iQor.com and Documents1@iqor.com." ECF No. 18-1 ¶ 10; *see also id.* ¶¶ 19, 29(a), 29(b). Plaintiff further alleged that people who represented themselves to be iQor employees told her counsel that "Iqor personnel were working on behalf of ECMC and Allied" "due to short staffing." *Id.* ¶ 10.

Plaintiff's proposed amended complaint also included the following new allegations: "Plaintiff, through counsel, in August 2021 had a phone call with Brendan Lee, of Iqor, regarding the unenforceability of the Judgment (defined below). In this conversation Mr. Lee represented that the Judgment was enforceable and would be enforced. According to LinkedIn, Brendan Lee is 'SVP - Chief Litigation Counsel and Chief Compliance Officer at iQor.'" *Id.* In response to the Court's directive, Allied and iQor submitted an opposition to Plaintiff's inclusion of these sentences in any future amended complaint. ECF No. 19 at 1–2. They argued that these allegations: (i) "serve no useful purpose," (ii) improperly disclose "settlement discussions," and (iii) improperly "make the unnamed Plaintiff's attorney a witness in the case" contrary to New York's Rules of Professional Conduct governing attorneys. *Id.* at 2, 4.

ECMC filed no opposition to Plaintiff's proposed amended complaint within the time specified by the Court. The Court therefore treats Plaintiff's request for leave to amend her complaint as unopposed by ECMC. The Court also finds it appropriate to treat the parties' pre-motion letters as Plaintiff's motion for leave to amend her complaint because the relief Plaintiff seeks is non-dispositive. *See Int'l Code Council, Inc. v. UpCodes Inc.*, No. 21-826-cv, 2022 WL 3008706, at *3–4 (2d Cir. July 29, 2022). Furthermore, Plaintiff, Allied, and iQor have each had the opportunity to make multiple submissions that address in sufficient detail the issues related to Plaintiff's motion for leave to amend. *See id.*

## LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (1) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "While, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend . . . for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks omitted) (alteration in original).

Although Allied and iQor have not asked to file a formal motion to strike the supposedly offensive sentences in Plaintiff's proposed amended complaint, they have essentially asked for such relief. *See* ECF No. 19 at 4. The Court therefore considers the standard governing motions to strike to be instructive in deciding whether Plaintiff should be permitted to file an amended

complaint that includes these sentences. Rule 12(f) authorizes a "district court [to] strike . . . material from . . . filings on the grounds that it is 'redundant, immaterial, impertinent, or scandalous.'" *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019) (quoting Fed. R. Civ. P. 12(f)). The Second Circuit "disfavor[s]" "motions to strike material *solely* on the ground that the matter is impertinent and immaterial." *Id.* at 51 n.42 (internal quotation marks omitted). Such motions "will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Amaya v. Ballyshear LLC*, 340 F. Supp. 3d 215, 220 (E.D.N.Y. 2018) (internal quotation marks omitted). Put another way, such "motion[s] will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Fangrui Huang v. GW of Flushing I, Inc.*, No. 17-cv-3181, 2019 WL 145528, at *3 (E.D.N.Y. Jan. 9, 2019) (internal quotation marks omitted).

Similarly, Allied and iQor have not asked to file a formal motion to disqualify Plaintiff's attorney, but they argue that allowing Plaintiff's proposed amendments would potentially create cause to disqualify. *See* ECF No. 19 at 4. Specifically, they assert that allowing Plaintiff's attorney to testify at trial regarding the conversation with iQor's in-house counsel described in the proposed amended complaint would violate Rule 3.7(a) "of The New York Rules of Professional Conduct . . . which states that, 'a lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact.'" *Id.* (quoting Rule 3.7(a)).

New York's Rules of Professional Conduct "merely provide general guidance" when considering motions to disqualify an attorney, "and not every violation of a disciplinary rule will necessarily lead to disqualification." *Gen. Sec., Inc. v. Com. Fire & Sec., Inc.*, No. 17-cv-1194, 2017 WL 4119622, at *4 (E.D.N.Y. Sept. 15, 2017) (quoting *Hempstead Video, Inc. v.*

5

*Incorporated Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)) (internal quotation marks omitted).  The Second Circuit has emphasized that "motions to disqualify counsel . . . are subject to fairly strict scrutiny, particularly motions under the witness-advocate rule."  *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009) (internal quotation marks omitted).  The party seeking disqualification "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial."  *Id.* (internal quotation marks omitted) (alteration in original).

## **DISCUSSION**

Plaintiff's time period to amend her complaint as of right has expired because she filed her proposed amended complaint more than 21 days after filing her original complaint and more than 21 days after Defendants filed their pre-motion letters seeking permission to move to dismiss.  *See* Fed. R. Civ. P. 15(a)(1).  Nevertheless, the Court finds that justice requires granting leave to amend because Plaintiff's proposed amendments address the arguments raised in Defendants' pre-motion letters, particularly Allied's and iQor's arguments that Plaintiff's original complaint failed to allege that they participated in the efforts to collect her student loans.  *See* ECF No. 15 at 1–2.  Plaintiff's decision to request leave to amend "promptly upon reviewing" Defendants' pre-motion letters demonstrates an absence of bad faith, which is the sole ground on which Allied and iQor oppose the amendment.  *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-cv-1318, 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017); *see* ECF No. 19 at 3–4.

Additionally, although Defendants do not argue that they will be prejudiced by the proposed amended complaint, the Court finds that no prejudice exists because the amendments

6

do not seek to add any new claims or new parties but only new facts related to the claims in Plaintiff's current complaint. *See Lichtman v. Whole Foods Market Grp., Inc.*, No. 21-cv-82, 2022 WL 1645658, at *3 (E.D.N.Y. May 24, 2022). Defendants will have an opportunity to move to dismiss Plaintiff's amended complaint, notwithstanding Plaintiff's newly-alleged facts. *See id.*

Plaintiff's proposed amendments are proper even though Allied and iQor assert that certain sentences in paragraph 10 of the proposed amended complaint describe settlement discussions. Ordinarily, "[s]ettlement discussions are inadmissible to show fault under Fed. R. Evid. 408, and accordingly may be stricken from a complaint as immaterial and potentially prejudicial." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994). However, Rule 408 prohibits evidence of settlement discussions only if a party seeks to admit that evidence "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a); *Westwide Winery, Inc. v. SMT Acquisitions, LLC*, 511 F. Supp. 3d 256, 265 (E.D.N.Y. 2021). A court "may admit" the same evidence "for another purpose." Fed. R. Evid. 408(b); *see Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213, 243 (2d Cir. 2021). Accordingly, a court may decline to strike from a complaint allegations related to purported settlement discussions, especially at an "early stage in the proceedings," at which point "the Court cannot conclude that no evidence in support of this allegation would be admissible for some other purpose." *Shouq v. Norbert E. Mitchell Co., Inc.*, No. 18-cv-293, 2018 WL 4158382, at *5 (D. Conn. Aug. 30, 2018) (denying motion to strike). The Court can also guard against the potential prejudice of allegations related to settlement discussions "by not submit[ting] pleadings to a jury." *Id.* at *4 (internal quotation marks omitted).

Allied's and iQor's pre-motion letter provided Plaintiff with just such "another purpose" referred to in Rule 408(b). By asserting that Plaintiff had failed to allege that they participated in collecting Plaintiff's student loans, Allied and iQor invited Plaintiff to bolster her complaint by adding allegations indicative of such participation. Furthermore, Plaintiff's proposed description of the purported settlement discussions is generic enough to suggest iQor's participation in collecting the loan without intruding on the details of a potential settlement that Rule 408(a) is designed to protect. Plaintiff's allegations simply reveal that Defendants believe the judgment related to Plaintiff's student loans is enforceable, a belief which Allied and iQor concede "is already clear, by virtue of this lawsuit." ECF No. 19 at 4.

Finally, the Court will not deny Plaintiff's request for leave to amend based on Allied's and iQor's concerns that Plaintiff's attorney described in paragraph 10 of the proposed amended complaint may someday need to testify at trial. It is "premature" to address this issue at such an early stage of the case. *See Trott v. Platinum Mgmt. (NY) LLC*, No. 18-cv-10936, 2019 WL 1460167, at *2 (S.D.N.Y. Jan. 10, 2019). "[T]he concerns that justify disqualification of an attorney who will be a witness are not implicated at the pretrial stage" because "[e]ven if the [amended] complaint survives [Defendants' proposed] motion[s] to dismiss, the matter is still a long way from trial." *Interpharm, Inc. v. Wells Fargo Bank, N.A.*, No. 08-cv-11365, 2010 WL 1141201, at *5 (S.D.N.Y. Mar. 25, 2010). It is entirely possible that any of the following may occur by the time of trial: (i) no witness will need to testify about this conversation, (ii) the attorney who participated in the conversation will not be part of Plaintiff's trial team, (iii) any testimony about the conversation will not relate to a significant issue of fact, or (iv) one of the several exceptions to New York's prohibition in Rule 3.7(a) will ultimately apply. *See Murray*, 583 F.3d at 179 (declining to disqualify "transactional lawyers" who "will not be trial advocates"

and "a litigator" who "will not act as an advocate before the jury"). However, the Court's decision to allow Plaintiff to file her amended complaint is without prejudice to Defendants filing a motion to disqualify the attorney described in paragraph 10 therein "at a later juncture if and when the attorney-witness issue becomes ripe." *Trott*, 2019 WL 1460167, at *2.

## CONCLUSION

For the reasons described above, the Court grants Plaintiff's request for leave to file an amended complaint, as currently proposed, including the sentences to which Defendants Allied and iQor object. *See* ECF No. 18. Plaintiff shall re-file her proposed amended complaint (ECF No. 18-1) as an amended complaint on or before August 17, 2022. The Court further grants Defendants' requests for permission to file motions to dismiss. *See* ECF Nos. 13, 15. Defendants shall file their Answer(s), move to dismiss, or otherwise respond to Plaintiff's amended complaint on or before September 14, 2022. If Defendants move to dismiss Plaintiff's amended complaint, they may do so without first filing pre-motion letters, as otherwise required by the Court's Individual Practices, but any other requests for relief by any party must comply with the Court's Individual Practices. If any Defendant files a motion to dismiss Plaintiff's amended complaint, then Plaintiff shall file her opposition papers on or before October 12, 2022, and Defendant(s) shall file reply papers on or before October 22, 2022.

SO ORDERED.

                                               */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
         August 10, 2022