UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YVETTE SADIGH,

                Plaintiff,

      v.

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION, ALLIED INTERSTATE,
LLC, and IQOR HOLDINGS, INC.,

                Defendants.

**MEMORANDUM & ORDER**
22-CV-00298 (HG) (JRC)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff has asserted claims under New York's General Business Law (the "GBL"), the federal Fair Debt Collection Practices Act (the "FDCPA"), and common law regarding Defendants' attempts to collect student loans that Plaintiff incurred in the 1980s. ECF No. 21. Defendant Educational Credit Management Corporation ("ECMC") has moved to dismiss those claims in full, *see* ECF No. 23, and the remaining Defendants have moved to dismiss only Plaintiff's common law claims for unjust enrichment and conversion, *see* ECF No. 22. For the reasons set forth below, the Court dismisses Plaintiff's unjust enrichment claim against all Defendants but declines to dismiss the remainder of Plaintiff's claims.

**FACTUAL BACKGROUND**

    Plaintiff signed three promissory notes in 1982, 1983, and 1984 with a combined principal amount of $8,000, in connection with student loans that she borrowed to attend New Rochelle College. ECF No. 21 ¶ 15. Plaintiff obtained these loans through a program that was originally named the "Guaranteed Student Loan Program," but has since become a part of the Stafford Loan Program. *Id.* ¶ 16. Plaintiff alleges that the annual interest rate for her loans is capped at 8% pursuant to federal law. *Id.* (citing 20 U.S.C. § 1077a).

Plaintiff allegedly learned for the first time in August 2021, in a letter that she received from Defendant Allied Interstate LLC ("Allied"), that a default judgment had been entered against her in New York state court regarding her student loans, based on Plaintiff's alleged nonpayment of the loans at some point in 1985. ECF No. 21 ¶¶ 18, 19, 23. The judgment is difficult to decipher because of its age, but it appears to have been entered in Nassau County Supreme Court sometime during the 1980s and later docketed in New York County Civil Court sometime during the 1990s. ECF No. 21-1. The Court agrees with Plaintiff's contention, at least as applied to the copy of the judgment filed as an exhibit to Plaintiff's amended complaint, that "[t]he dollar amounts listed on the Judgment, including the total amount of the Judgment, are so faded that they cannot be read." ECF No. 21 ¶ 20.

Plaintiff has received correspondence regarding attempts to collect her student loans, and to collect on the default judgment, from all three Defendants. ECF No. 21 ¶¶ 19, 22, 29. Defendant ECMC is "a guaranty agency for the United States Department of Education" and is responsible for collecting unpaid student loans on the Department of Education's behalf. *Id.* ¶¶ 2, 9. Plaintiff alleges that Defendants iQor Holdings, Inc. ("iQor") and Allied are "debt collectors" that regularly work with ECMC to assist ECMC in collecting unpaid student loans. *Id.* ¶¶ 2, 10–11. Plaintiff alleges that Allied is iQor's subsidiary. *Id.* ¶ 11.

Defendants have apparently informed Plaintiff that the total unpaid balance of her loans, including interest and collection costs, was $41,962.14 as of August 9, 2021. ECF No. 21 ¶ 26. Plaintiff alleges that Defendants have erroneously calculated that amount by using the 9% annual post-judgment interest rate in New York's Civil Practice Law and Rules, rather than the 8% maximum annual interest rate that Plaintiff contends is required by federal law. *Id.* ¶¶ 28, 32(b). Plaintiff further contends that any collection costs that Defendants are permitted to obtain are

2

capped by federal law at 16% of the unpaid principal and interest of her loans, but that Defendants are improperly charging her collection costs of 24.92%, pursuant to what Defendants have told Plaintiff is an "industry standard" formula. *Id.* ¶¶ 30, 32(c) (citing 34 C.F.R. §§ 682.202, 682.405, 682.410).

Plaintiff claims that Defendants' calculation of unpaid interest and collection costs in a manner that supposedly violates federal law amounts to a deceptive practice prohibited by Section 349 of the GBL and also violates the FDCPA. ECF No. 21 ¶¶ 44–60. She also alleges that Defendants' act of collecting loans based on those allegedly improper interest rates and collection costs amounts to unjust enrichment. *Id.* ¶¶ 61–64. Additionally, Plaintiff alleges that Defendants used her purportedly unpaid student loan balance to cause the Internal Revenue Service to offset her 2019 federal tax refund as a means of partially collecting Plaintiff's unpaid loans, which Plaintiff says gives rise to a claim for conversion. *Id.* ¶¶ 65–68. Finally, Plaintiff seeks a declaratory judgment that the purported default judgment against her is unenforceable. *Id.* ¶¶ 41–43.

Plaintiff initially commenced this lawsuit in Kings County Supreme Court. ECF No. 1-1. Defendants removed the case to this Court based on federal question jurisdiction because Plaintiff asserts a claim under the FDCPA. ECF No. 1. Defendants also invoked the diversity jurisdiction provided by the Class Action Fairness Act ("CAFA") because Plaintiff purports to assert her claims on behalf of a putative class of more than 100 members and to seek total damages on behalf of the class of more than $5 million. *Id.*; ECF No. 21 ¶¶ 5, 36. The parties are minimally diverse, as required by CAFA, because Plaintiff is a citizen of New York, ECMC is a corporation headquartered in and organized under the laws of Minnesota, and iQor is a corporation headquartered in and organized under the laws of Florida. ECF No. 21 ¶ 8; ECF No.

3

1 ¶¶ 17, 19. Although Plaintiff has identified Defendant Allied as a limited liability company, *see* ECF No. 21 ¶ 11, and no party has provided the Court with the full details of Allied's members, CAFA requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant," *see* 28 U.S.C. § 1332(d)(2)(A).

After receiving pre-motion letters regarding proposed motions to dismiss, the Court permitted Plaintiff to amend her complaint, over the objections of Allied and iQor (but not ECMC). *Sadigh v. Educ. Credit Mgmt. Corp.*, No. 22-cv-298, 2022 WL 3228260, at *2 (E.D.N.Y. Aug. 10, 2022). ECMC has moved to dismiss all of Plaintiff's claims in her amended complaint. ECF No. 23. Allied and iQor, on the other hand, have moved to dismiss only Plaintiff's claims for unjust enrichment and conversion, *see* ECF No. 22, even though Plaintiff's claims under the FDCPA and the GBL are asserted against them too, *see* ECF No. 21 ¶¶ 44–60.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Although Plaintiff's claims under New York's GBL are based on allegedly deceptive practices, since the GBL "extends well beyond common-law fraud to cover a broad range of deceptive practices, and because a private action under § 349 [of the GBL] does

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

4

not require proof of the same essential elements (such as reliance) as common-law fraud, an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b)." *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005); *see also Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) (explaining that "[p]laintiffs [we]re not required to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) for their claims" under Section 349 of the GBL).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," along with any document for which "the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). Courts are also "permitted to consider matters of which judicial notice may be taken." *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021).

## DISCUSSION

### I. Plaintiff's Claims Are Not Preempted by Federal Law

ECMC contends that Plaintiff's state law claims are preempted by the Higher Education Amendments Act (the "HEA") and its implementing regulations. ECF No. 23-1 at 6–11. The Second Circuit "ha[s] recognized that preemption generally comes in one of three forms: (1) express preemption, where Congress has expressly preempted local law; (2) field preemption, where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law; and (3) conflict preemption, where local law conflicts with federal law such that it is impossible for a party to comply with both or the local law is an obstacle to the achievement of federal objectives." *Buono v. Tyco Fire Prods., LP*, 78 F.4th 490, 495 (2d Cir. 2023). As this description suggests, there are two different "branch[es]"

5

of conflict preemption, "the impossibility branch" and "[t]he obstacle branch." *Figueroa v. Foster*, 864 F.3d 222, 234–35 (2d Cir. 2017). Impossibility is "a demanding defense" that "occurs when state law penalizes what federal law requires, or when state law claims directly conflict with federal law." *Id.* at 234. The obstacle branch of conflict preemption is also a "heavy" burden, and "the mere fact of tension between federal and state law is generally not enough to establish an obstacle supporting preemption." *Id.* at 235.

  ECMC's preemption arguments rely almost exclusively on case law from outside the Second Circuit. ECF No. 23-1 at 6–11. However, courts within this Circuit "have consistently held that field preemption does not apply to the HEA." *Travis v. Navient Corp.*, 460 F. Supp. 3d 269, 279 (E.D.N.Y. 2020) (finding no preemption of any kind and denying motion to dismiss GBL claims against student loan servicer); *Hyland v. Navient Corp.*, No. 18-cv-9031, 2019 WL 2918238, at *8 (S.D.N.Y. July 8, 2019) (denying motion to dismiss GBL claims against student loan servicer and rejecting interpretation of HEA that "would be, in effect, to find field preemption"); *see also Nelson v. Great Lakes Educ. Loan Servs., Inc.*, 928 F.3d 639, 652 (7th Cir. 2019) ("Courts have consistently held that field preemption does not apply to the HEA, and we do as well."). Courts in this Circuit have also held that the HEA does not, through conflict preemption, displace all claims under New York's GBL simply because the claims relate to a defendant's attempt to collect student loans. *Hyland*, 2019 WL 2918238, at *8 (rejecting argument that "state law claims [were] impliedly preempted by the HEA under a conflict preemption theory"); *Travis*, 460 F. Supp. 3d at 282–83 ("concur[ring] with the reasoning in . . . *Hyland* and hold[ing] that [plaintiff's] state-law claims are not preempted by the HEA"). These holdings regarding conflict preemption apply to Plaintiff's claims because, since Plaintiff is arguing the Defendants' alleged failures to comply with federal law also violated the GBL's

6

prohibition against unfair or deceptive practices, Plaintiff's claims represent a situation in which "GBL § 349 imposes additional liability," but that "it is not impossible [for Defendants] to comply with both statutes." *Minner v. Navient Corp.*, No. 18-cv-1086S, 2020 WL 906628, at *10 (W.D.N.Y. Feb. 25, 2020) (denying motion to dismiss claims against student loan servicer).

In support of its argument for express preemption, ECMC cites multiple regulations related to the collection efforts of guaranty agencies that "preempt any State law . . . that would conflict with" those regulations. ECF No. 23-1 at 8 (citing 34 C.F.R. §§ 682.410(b)(8), 682.411(o)). ECMC also cites a statute that provides that "[l]oans . . . guaranteed pursuant to a program authorized by title IV of the Higher Education Act of 1965 . . . shall not be subject to any disclosure requirements of any State law." 20 U.S.C. § 1098g (cited in ECF No. 23-1 at 9). Plaintiff, however, is not alleging that New York law imposes requirements that differ from federal collection or disclosure requirements; she has alleged that Defendants violated New York law by failing to comply with the federal requirements related to interest rates and collection costs. ECF No. 21 ¶¶ 32(b), 32(c), 47. Under these circumstances, "th[e] Court rejects ECMC's argument that [plaintiff's] GBL § 349 claim is expressly preempted by 34 C.F.R. §§ 682.410(b)(8) & 682.411(o)." *Manchanda v. Navient Student Loans*, No. 19-cv-5121, 2020 WL 5802238, at *8 n.6 (S.D.N.Y. Sept. 29, 2020) (denying motion to dismiss GBL claim also brought against Defendant ECMC); *see also James v. Pa. Higher Educ. Assistance Agency*, No. 19-cv-9155, 2020 WL 2097640, at *15–16 (S.D.N.Y. May 1, 2020) (rejecting student loan servicer's "argument that claims of affirmative misrepresentations are preempted by § 1098g" and denying motion to dismiss such claims). Plaintiff has essentially argued that the GBL imposes a parallel obligation for loan servicers and guaranty agencies to comply with the interest rate and collection cost requirements imposed by federal law, and therefore such claims do not

7

fall within the scope of the HEA's express preemption provisions against conflicting state laws. *See Riegel v. Medtronic, Inc.*, 552 U.S. 312, 330 (2008) (holding that express preemption provision in Food Drug & Cosmetic Act "d[id] not prevent a State from providing a damages remedy for claims premised on a violation of [federal] regulations" because "the state duties in such a case 'parallel,' rather than add to, federal requirements").

Similar to its preemption argument, ECMC has invoked the GBL's express safe harbor for defendants who can demonstrate that their allegedly deceptive "act or practice is . . . subject to and complies with the rules and regulations of, and the statutes administered by . . . any official department, division, commission or agency of the United States." N.Y. Gen. Bus. L. § 349(d). ECMC argues that this safe harbor applies because it complied with the HEA and its implementing regulations. ECF No. 23-1 at 15–17. However, since "Plaintiff's claim is premised on the idea" that ECMC is not in compliance with those laws and regulations, and the dispute about Defendants' compliance is not amenable to being resolved based solely on the allegations in Plaintiff's complaint, the Court declines to dismiss Plaintiff's GBL claims based on that statute's safe harbor.[2] *Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 71 (E.D.N.Y. 2017) (denying motion to dismiss based on GBL's safe harbor because "the parties dispute[d]

---

[2]   ECMC's reply brief attempts to explain in greater detail why it believes the allegations in Plaintiff's complaint permit the Court to conclude that ECMC is not bound by Plaintiff's alleged maximum interest rate of 8% and why the collection costs charged by ECMC have been proper. ECF No. 27 at 1–4. Plaintiff has moved to strike those portions of ECMC's reply brief on the ground that they should have been raised in ECMC's opening brief. ECF No. 28. The Court denies that motion to strike because, even though it finds that ECMC cannot prevail on those arguments at the pleadings stage, they were appropriately made in furtherance of ECMC's argument in its opening brief that the GBL's safe harbor applies and in response to Plaintiff's arguments in her opposition brief that ECMC has not complied with federal law. Additionally, even if the arguments in ECMC's reply brief were entirely new, although "[a]rguments made for the first time in a reply brief need not be considered by a court," the Court nevertheless "ha[s] discretion to consider" such arguments. *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005).

whether [d]efendant complied with" the federal regulations at issue); *see also Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 145–46 (S.D.N.Y. 2021) (holding that "it cannot be concluded on a motion to dismiss that the defendant complied with the safe harbor provisions" of the GBL because parties disputed defendant's compliance with applicable federal regulations).

> II. The Court Cannot Resolve on a Motion to Dismiss ECMC's Disputed Status as a Debt Collector Under the FDCPA

The Court declines to dismiss Plaintiff's FDCPA claim based on ECMC's argument that it does not fall within the FDCPA's definition of a "debt collector." ECF No. 23-1 at 12–14. The FDCPA "exempts" from its definition of a debt collector "'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation.'" *Allen v. United Student Aid Funds, Inc.*, No. 17-cv-8192, 2018 WL 4680023, at *4 (S.D.N.Y. Sept. 28, 2018) (quoting 15 U.S.C. § 1692a(6)(F)(i)). "[F]ew courts have addressed the fiduciary obligation exception," *see id.*, and ECMC has presented no decisions by the Second Circuit interpreting the scope of the exception, *see* ECF No. 23-1 at 13–14. Although one district court within the Circuit has held that a guaranty agency, through its fiduciary relationship with the U.S. Department of Education, falls within this exception as a matter of law, another district court reached the opposite conclusion at the motion to dismiss stage. *See Allen*, 2018 WL 4680023, at *5–6 (granting motion to dismiss FDCPA claim based on fiduciary exception); *Manchanda*, 2020 WL 5802238, at *9 (holding that deciding the issue of whether ECMC's "efforts to collect [plaintiff's] student loans were incidental to its fiduciary obligations to the DOE" "must await summary judgment").

Although the Court does not doubt that ECMC is a fiduciary of the Department of Education, it cannot determine as a matter of law based on the allegations in Plaintiff's complaint whether ECMC's collection efforts are incidental to ECMC's other obligations. *See Manchanda*,

9

2020 WL 5802238, at *9.  That issue is especially ill-suited for a motion to dismiss because of the particular circumstances of Plaintiff's loan.  Plaintiff attached to her complaint a document, which ECMC allegedly provided her, suggesting that ECMC was not the original guarantor of Plaintiff's student loans.  ECF No. 21-3.  Instead, that document suggests that ECMC took assignment of the loans from New York State Higher Education Services, which is labeled in the document as the "[o]riginal [g]uarantor," sometime in 2009, after Defendants allege that Plaintiff had already defaulted on her loan.  *Id.*  Under these circumstances, more factual development is required to determine whether ECMC's loan collection efforts are "incidental" to its other fiduciary responsibilities to the Department of Education.  *See Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1035 (9th Cir. 2009) (reversing motion to dismiss granted by district court in favor of ECMC under similar circumstances where it was not the original guarantor).  Moreover, the Court declines to dismiss Plaintiff's FDCPA claims against Allied and iQor because they have neither argued that their relationship with ECMC entitles them to invoke the fiduciary exception nor sought dismissal of Plaintiff's FDCPA claim on any other basis.  *See* ECF No. 22.

**III.     Plaintiff's Unjust Enrichment Claim Is Dismissed as Duplicative**

Plaintiff's unjust enrichment claim against all Defendants must be dismissed because it is based on the same alleged misconduct as Plaintiff's GBL and FDCPA claims and, therefore, is duplicative of those claims.  Under New York law, "unjust enrichment is not a catchall cause of action to be used when others fail."  *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012).  Instead, "[i]t is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff.  Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not

entitled." *Id.* (dismissing unjust enrichment claim as duplicative because "plaintiffs allege[d] that [defendant] committed actionable wrongs").

Plaintiff's complaint does not allege any misconduct related to her unjust enrichment claim that is separate from Defendants' alleged calculation of unpaid interest and collection costs in a manner that supposedly violates the GBL and the FDCPA. ECF No. 21 ¶¶ 61–64. These allegations, together with the portion of Plaintiff's opposition brief devoted to her unjust enrichment claim, *see* ECF No. 26 at 12, "fail[] to show how this claim is not purely duplicative of h[er] other claims." *Winston v. Hershey Co.*, No. 19-cv-3735, 2020 WL 8025385, at *7 (E.D.N.Y. Oct. 26, 2020) (dismissing unjust enrichment claim as duplicative of GBL claim); *see also Campbell v. Whole Foods Market Grp., Inc.*, 516 F. Supp. 3d 370, 394 (S.D.N.Y. 2021) (dismissing unjust enrichment claim as duplicative of GBL claim, even though GBL claim survived dismissal, and even though plaintiff purported to plead unjust enrichment claim in the alternative).

### IV. Plaintiff Has Pled a Conversion Claim with Sufficient Detail

The Court denies Defendants' motion to dismiss Plaintiff's conversion claim. As described above, Plaintiff's basis for this claim is that Defendants took possession of her 2019 tax refund to offset her unpaid student loans. ECF No. 21 ¶ 67. "The two key elements of conversion are (1) the plaintiff's possessory right or interest in the property and (2) the defendant's dominion over the property or interference with it, in derogation of the plaintiff's rights." *HSCM Bermuda Fund Ltd. v. Newco Cap. Grp. VI LLC*, 619 F. Supp. 3d 434, 443 (S.D.N.Y. 2022). A plaintiff must also "identify the specific property allegedly converted." *Mohrman v. Johns*, 179 N.Y.S.3d 293, 295 (2d Dep't 2022) (dismissing conversion claim).

ECMC has made no arguments related to the merits of Plaintiff's conversion claim and has simply asserted that it is preempted because all of Plaintiff's claims are purportedly

preempted, a conclusion that the Court has rejected for the reasons explained above.  ECF No. 23-1 at 6.[3]  Allied and iQor have challenged Plaintiff's conversion claim on the basis that Plaintiff has supposedly failed to identify specific property that was converted because Plaintiff has not specified the amount of her 2019 tax refund or explained what portion of the refund Defendants were not permitted to offset against her unpaid student loans.  ECF No. 22 at 4–6.

Plaintiff has adequately alleged the property at issue for her conversion claim, thereby defeating Defendants' challenge to that claim at the motion to dismiss stage.  Money is considered specifically identifiable property for the purpose of a conversion claim "where there is a specific, identifiable fund."  *Family Health Mgmt., LLC v. Rohan Devs., LLC*, 171 N.Y.S.3d 44, 46 (1st Dep't 2022) (affirming summary judgment in favor of plaintiff on conversion claim); *RD Legal Funding Partners, LP v. Worby Groner Edelman & Napoli Bern, LLP*, 150 N.Y.S.3d 317, 320 (2d Dep't 2021) (explaining that "[t]angible personal property or specific money must be involved" successfully to state a claim for conversion).  A specific pool of money counts as "a specific identifiable thing" necessary to state a conversion claim even if a plaintiff does not "allege[] an exact sum of money in [her] complaint."  *HSCM Bermuda Fund*, 619 F. Supp. 3d at 443 (denying motion to dismiss conversion claim).  Accordingly, because Plaintiff has identified a specifically identifiable pool of money (her tax refund), she has necessarily alleged a conversion claim, even though the amended complaint does not identify the amount of her tax refund.  *See* ECF No. 21 ¶ 67.  Whether Defendants were entitled to claim that amount as an offset for Plaintiff's outstanding student loans depends on disputed facts that the Court cannot resolve at this stage.

---

[3]  ECMC has made no specific arguments as to why Plaintiff's conversion claim should be preempted even if her claims under the GBL are not preempted.  *See* ECF No. 23-1.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendants' motions to dismiss. ECF Nos. 22, 23. The Court dismisses Plaintiff's unjust enrichment claim against all Defendants, but Defendants' motions to dismiss are otherwise denied.

SO ORDERED.

                                                               */s/ Hector Gonzalez*
                                                               HECTOR GONZALEZ
                                                               United States District Judge

Dated: Brooklyn, New York
        September 30, 2023