UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVETTE SADIGH,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION, ALLIED INTERSTATE, LLC, and IQOR US, INC.,<br><br>Defendants. | NO. 1:22-cv-00298-HG-JRC<br><br>Civil Action<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF DEFENDANTS ALLIED INTERSTATE, LLC and IQOR US, INC.** |

Defendants Allied Interstate, LLC ("Allied") and iQor US, Inc. ("iQor") (collectively, the "Allied Defendants") hereby answer Plaintiff's Amended Class Action Complaint [Dkt. No. 21] (the "Complaint"), and state affirmative defenses and cross-claims as follows:

### AS TO PRELIMINARY STATEMENT

1. The allegations in this paragraph constitute a summary of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Allied Defendants respond as follows: Allied Defendants deny that they violated New York General Business Law § 349, the Fair Debt Collection Practices Act ("FDCPA"), or engaged in conversion, and deny that Plaintiff is entitled to any relief from Allied Defendants, declaratory or otherwise.

2. The allegations in this paragraph are directed against a party other than Allied Defendants, and therefore, no response is required. To the extent a response is required, Allied Defendants respond as follows: Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

3. Denied as to Allied Defendants. Allied Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other parties; therefore, they are denied.

    4.    Denied as to Allied Defendants. Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other parties; therefore, they are denied.

## AS TO JURISDICTION AND VENUE

    5.    The allegations in this paragraph are conclusions of law to which no response is required.

    6.    The allegations in this paragraph are conclusions of law to which no response is required.

    7.    The allegations in this paragraph are conclusions of law to which no response is required.

## AS TO PARTIES

    8.    Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

    9.    Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

    10.    Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, in part because the paragraph is vague, contains numerous ambiguous terms subject to multiple interpretations, and is compound. Accordingly, Allied Defendants admit only that iQor is headquartered in Florida, does business in New York, and that Brendan Lee is a Senior Vice President - Chief Litigation Counsel and Chief Compliance Officer at iQor. The remaining allegations are too vague and ambiguous to offer a response, and therefore, the

allegations are denied. Further responding, the allegations of this paragraph refer to documents that speak for themselves, and any interpretations inconsistent with their terms are denied.

11. Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, in part because the paragraph is vague, contains numerous ambiguous terms subject to multiple interpretations, and is compound. Accordingly, Allied Defendants admit only that Allied is a Minnesota limited liability corporation, that it does business in the State of New York, and that it offers debt collection services as part of its regular business operations. The remaining allegations are too vague and ambiguous to offer a response, and therefore, the allegations are denied.

## AS TO PROCEDURAL BACKGROUND

12. Admitted upon information and belief.

13. Admitted.

14. Admitted.

## AS TO STATEMENT OF FACTS

15. Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations; therefore, they are denied.

16. The allegations in this paragraph purport to summarize statutes and regulations and, therefore, are legal conclusions to which no response is required. To the extent Plaintiff is contending that she was charged an improper interest rate, the allegation is denied.

17. Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

18. Admitted only that Allied Defendants were advised that Plaintiff defaulted on certain student loans in Plaintiff's name. The remaining allegations of this paragraph purport to summarize

docket entries and pleadings that speak for themselves, and any interpretations inconsistent with their terms are denied.

19. The allegations of this paragraph refer to documents that speak for themselves, and any interpretations inconsistent with their terms are denied. Further responding, the communication referenced in this paragraph was provided to Plaintiff's attorney in response to the attorney's inquiries.

20. The allegations of this paragraph refer to a document that speaks for itself, and any interpretations inconsistent with its terms are denied. Denied that the Judgment is unintelligible and denied that it is unenforceable.

21. Denied.

22. The allegations of this paragraph refer to documents that speak for themselves, and any interpretations inconsistent with their terms are denied. Further responding, Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other parties; therefore, they are denied.

23. The allegations in this paragraph purport to summarize statutes and regulations and, therefore, are legal conclusions to which no response is required. Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph; therefore, they are denied.

24. Denied as stated as to Allied Defendants. Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other parties; therefore, they are denied.

25. Denied as to Allied Defendants. Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other

parties; therefore, they are denied. Further responding, denied that the alleged debt is based upon an incorrect interest rate or excessive collection costs.

26. Denied.

27. The allegations in this paragraph purport to summarize statutes and are, therefore, legal conclusions to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

28. The allegations in this paragraph purport to summarize statutes and are, therefore, legal conclusions to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

29. The allegations of this paragraph refer to documents that speak for themselves, and any interpretations inconsistent with their terms are denied. Denied that Allied Defendants have sought to collect an improper "Amount Claimed," as alleged. Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other parties; therefore, they are denied. All remaining allegations are denied.

30. With respect to this paragraph, to the extent Allied Defendants have made any assertions, each assertion speaks for itself. Allied Defendants deny any suggestion that the alleged debt is based upon an incorrect interest rate.

31. With respect to this paragraph, to the extent Allied Defendants have made any assertions, each assertion speaks for itself. Allied Defendants deny any suggestion that the alleged debt is based upon an incorrect interest rate or excessive collection costs.

32. Allied Defendants respond to this paragraph, including sub-parts "a" to "d" as follows:

    a. Allied Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

    b. The allegations in this paragraph purport to summarize statutes and are, therefore, legal conclusions to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

    c. The allegations in this paragraph purport to summarize statutes and, therefore, are legal conclusions to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

    d. The allegations in this paragraph purport to summarize statutes and are, therefore, legal conclusions to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

## AS TO CLASS ACTION ALLEGATIONS

33. The allegations in this paragraph constitute a summary of Plaintiff's request to pursue its claims as a class action, to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph that this action is subject to class treatment, or that a class could be certified. All remaining allegations of this paragraph are denied.

34. The allegations in this paragraph constitute a summary of Plaintiff's request to pursue its claims as a class action, to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph that this action is subject to class treatment, or that a class could be certified. All remaining allegations of this paragraph are denied.

35. The allegations in this paragraph constitute a reservation of Plaintiff's purported right to modify or amend any putative class of plaintiffs, to which no response is required. Denied that this action is subject to class treatment, or that a class could be certified.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### AS TO FIRST CLAIM FOR RELIEF

### (Declaratory Judgment on Behalf of Plaintiff and the Judgment Sub-Class Against All Defendants)

41. Allied Defendants incorporate their responses to the above paragraphs as if set forth at length herein.

42. Denied.

43. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

### AS TO SECOND CLAIM FOR RELIEF

### (Violation of N.Y. GBL § 349 on Behalf of Plaintiff and the Class Against All Defendants)

44. Allied Defendants incorporate their responses to the above paragraphs as if set forth at length herein.

45. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

46. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this

paragraph.

47. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

48. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

49. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

50. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

## AS TO THIRD CLAIM

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*
on Behalf of Plaintiff and the Class Against All Defendants)**

51. Allied Defendants incorporate their responses to the above paragraphs as if set forth at length herein.

52. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

53. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this

paragraph.

54. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

55. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

56. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

57. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

58. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

59. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

60. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Allied Defendants deny the allegations in this paragraph.

## AS TO FOURTH CLAIM FOR RELIEF

**(Conversion on Behalf of Plaintiff
and the Class Against All Defendants)**

61. Allied Defendants incorporate their responses to the above paragraphs as if set forth at length herein.

62. By Order of the Court dated September 30, 2023 [ECF No. 30], Plaintiff's Fourth Cause of Action was dismissed as to all Defendants. Accordingly, no response is required.

63. By Order of the Court dated September 30, 2023 [ECF No. 30], Plaintiff's Fourth Cause of Action was dismissed as to all Defendants. Accordingly, no response is required.

64. By Order of the Court dated September 30, 2023 [ECF No. 30], Plaintiff's Fourth Cause of Action was dismissed as to all Defendants. Accordingly, no response is required.

## AS TO FIFTH CLAIM FOR RELIEF

**(Conversion on Behalf of Plaintiff
and the Class Against All Defendants)**

65. Allied Defendants incorporate their responses to the above paragraphs as if set forth at length herein.

66. Denied.

67. Denied.

68. Denied.

WHEREFORE, Allied Defendants respectfully request that this Court enter judgment dismissing the Complaint, awarding Allied Defendants their attorneys' fees and costs, and granting Allied Defendants such other and further relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state claims upon which relief may be granted.

2. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitation.

3. Plaintiff fails to satisfy the requirements to assert her claims as a class action as required by Fed. R. Civ. P. 23.

4. The proposed classes Plaintiff identifies in the Complaint cannot be ascertained.

5. Plaintiff's proposed classes are impermissible failsafe classes.

6. Plaintiff's claims under N.Y. Gen. Bus. Law § 349 is expressly preempted under the Higher Education Act ("HEA").

7. Plaintiff's claims under N.Y. Gen. Bus. Law § 349 are preempted by the Code of Federal Regulations.

8. Plaintiff's claims under N.Y. Gen. Bus. Law § 349 are preempted because they prohibit, restrict, or impose burden of pre-litigation collection activity.

9. Plaintiff's claims under N.Y. Gen. Bus. Law § 349 are preempted because they conflict with the HEA.

10. Allied Defendants are entitled to the safe harbor defense pursuant to N.Y. Gen. Bus. Law §349(d).

11. Allied Defendants are not subject to the FDCPA for any communications made with Plaintiff's counsel.

12. Any alleged violations of the FDCPA by Allied Defendants were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Allied Defendants are therefore entitled to the affirmative

defense set forth in 15 U.S.C. § 1692k(c).

14. Allied Defendants are entitled to all other available defenses under the FDCPA and all limits of liability, including applicable liability caps.

14. Plaintiff lacks standing to maintain this action under Article III of the United States Constitution to the extent Plaintiff has not sustained any injury-in-fact.

15. Plaintiff's claims for damages are speculative and form no basis for recovery.

16. Plaintiff has no private right of action to pursue alleged violations of the HEA or FFELP.

17. Allied Defendants have not been unjustly enriched through any funds received from Plaintiff.

18. Allied Defendants are not proper parties to Plaintiff's claim for Declaratory Judgment in the First Claim for Relief because the Allied Defendants do not own the subject debt.

19. Plaintiff's claims may be barred, in whole or in part, under the doctrines of waiver/laches/estoppel.

20. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages, the existence of which damages Allied Defendants specifically deny.

21. Plaintiff is barred from relief against Allied Defendants inasmuch as any alleged harm suffered by Plaintiff was not caused in fact or proximately caused by any act or omission of Allied Defendants.

22. Any and all damages sustained by Plaintiff are the direct result of her own actions or omissions or the acts or omissions of unrelated third parties over which Allied Defendants have no control.

23. With respect to Plaintiff's demands for punitive damages, Allied Defendants

12

incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of <u>BMW of North America v. Gore</u>, 116 U.S. 1589 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), and <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408 (2003).

24. Allied Defendants reserve the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, Allied Defendants respectfully request that this Court enter judgment dismissing the Complaint, awarding Allied Defendants their attorneys' fees and costs, and granting Allied Defendants such other and further relief as the Court deems just and proper.

## CROSS-CLAIMS AGAINST EDUCATIONAL CREDIT MANAGEMENT CORPORATION

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Allied Defendants hereby assert the following cross-claims against Defendant Educational Credit Management Corporation ("ECMC") as follows:

### FIRST CROSS-CLAIM

**(Common Law Indemnification)**

1. Allied Defendants incorporate their responses to the above paragraphs as if set forth at length herein.

2. If Plaintiff was damaged by the conduct alleged in the Complaint, which Allied Defendants deny, then such damages were caused in whole or in part by the acts or omissions of ECMC.

3. The alleged acts or omissions of ECMC were the direct and proximate cause of any damages sustained by Plaintiff, without any corresponding culpability on the part of Allied Defendants.

4. If any judgment is entered against Allied Defendants in this action, then ECMC will be liable over to Allied Defendants for the full amount of such judgment under the common law doctrine of indemnification.

## **SECOND CROSS-CLAIM**

### (Contribution)

5. Allied Defendants incorporate their responses to the above paragraphs as if set forth at length herein.

6. If Plaintiff was damaged by the conduct alleged in the Complaint, which Allied Defendants deny, then such damages were caused in whole or in part by the acts or omissions of ECMC.

7. If any judgment is entered against Allied Defendants in this action, then ECMC will be liable over to Allied Defendants for contribution.

WHEREFORE, Allied Defendants demand judgment against ECMC as follows:

(a) On the First Cross-Claim, for common law indemnification for any judgment entered against Allied Defendants;

(b) On the Second Cross-Claim, for contribution to the extent of ECMC's proportionate share of fault;

(c) For costs, disbursements, and attorneys' fees to the full extent permitted by law; and

(d) For such other and further relief as the Court may deem just and proper.

Dated: May 3, 2024

                                          Respectfully submitted,
                                          STRADLEY RONON STEVENS & YOUNG, LLP

                                          By: /s/ Boris Brownstein
                                          Andrew K. Stutzman, Esq.
                                          Eric M. Hurwitz, Esq.
                                          Boris Brownstein, Esq.
                                          100 Park Avenue, Suite 2000
                                          New York, NY 10017
                                          Phone - 212.812.4124
                                          Fax - 646.682.7180
                                          astutzman@stradley.com
                                          ehurwitz@stradley.com
                                          bbrownstein@stradley.com

                                          *Attorneys for Defendants*
                                          *Allied Interstate, LLC, and iQor Us, Inc.*